Good morning. This action involves Michael Jacobs. Michael Jacobs was a long-term employee of the County of Orange, and he engaged in free speech by going to the press with information that high public officials in law enforcement of Orange County had engaged in criminal and improper conduct. He did it at great risk. He suffered the loss of his 25-year career with Orange County. The core issue at the heart of this appeal is whether or not the United States District Court could deny Mr. Jacobs the federal forum which, under 42 U.S.C. section 1983 in the Jurisdiction Statutes of Federal Courts, grant him the right to pursue federal claims in a federal court. Congress gave him that right, and it is our position that the District Court cannot take that right away from him. My question to you is, would a final decision in the state court have a race to the car effect on the 1983 claim in the federal court? A final decision probably would. That's why what the District Court did is so dangerous, because under the full faith and credit clause, a decision by the trial state court action is not final. It is not to be given any dignity and respect in the final to undermine the full faith and credit clause. That's what Judge Taylor in the District Court wanted to do. He said, well, let's wait and see what happens in the Court of Appeal, in the California Supreme Court, in the state court action. Well, in the Court of Appeal, what was the date of argument? It was a couple of months ago. I think Mr. Watkins was involved in that. It has been submitted. And California has a 90-day rule, doesn't it, with respect to decisions? Right, and it's due any day now. Any day now? Yes. Are you just hoping if you get into federal court, you'll get heard before that decision comes out? Well, I'm hoping that that decision will be reversed, and then we can go into federal court and proceed. But I'm hoping that this court has the ability not to allow the erroneous decision of the district court judge. What I'm concerned about is this. This court can overturn a district court judge under the Colorado River Doctrine, under the Landis case and its progeny. The stay issued by the district court judge was clearly improper under appropriate Ninth Circuit United States Supreme Court precedent. You may be right on the law, but let me ask one other side issue. The Supreme Court has been considering recently this issue, not the issue of stay, but the issue of public comment. I believe it's Sabalos v. Garcetti. Right. I'm wondering if that would provide additional grounds, however, for a district judge to stay pending a decision that's forthcoming from the Supreme Court, or new law, for example, from the Supreme Court in the very area that you're complaining of. Well, the Garcetti case, I think there's a factual distinction here. But I know of no authority which would deprive Mr. Jacobs of his right to proceed in this case pending a Supreme Court decision. Maybe that would have an effect, but that is also imminent. I mean, I understand the Garcetti case was just recently re-argued, and I think the decision is imminent. Isn't that an additional justification to, I mean, the district judge here, of course, wasn't relying on it in this instance, but isn't that an additional justification for staying the matter until we see what result? I think that's a district, I think that is within the province of the district court judge. I don't think, I don't, we're here on a procedural issue involving another stay. Waiting for the Garcetti decision to come down in the United States Supreme Court, that, I think, the discretion, there's no requirement that a district court judge stay a case because something's pending in the United States Supreme Court. That is that district court judge's discretion. And I don't believe that the Ninth Circuit can usurp that discretion. I think what the Ninth Circuit could do is decide this case, send it back to the district court with an, I would like to see an order to say, please try this case immediately. I think you have the authority to do that, or set it for trial immediately. So we've got two potential things that could just moot this appeal, moot this case. One is forthcoming decision by California. The other is a change of the law or a more clear standard on the law from the Supreme Court. Yeah, but that's exactly why this court has to rule. Because to say, to wait on it, to wait to decide this case on the potential of mootness is to turn the full faith and credit clause on its head. What you're saying is we're going to allow the district court decision, which is, we're going to do the same thing the district court did. Where Mr. Jacobs is entitled to his day in court on his 1983 action, and we're going to deny him that because there's a state court pending, a state court case pending. And under all the criteria in Colorado River, under the Landis case, in the opposition brief, they cited a case Lockyer versus Martek, or Marten, I think. And that case decided, that discussed a Landis Supreme Court case from the 1930s. And in the Landis case, the court said that where there's potential harm to the other litigant, the one not seeking the stay, the court can only issue the stay where there is going to be a hardship or inequity for the person seeking the stay. Well, you can understand the motivation of the district judge, the reluctance you can, you've even heard us ask questions. How soon will the Supreme Court, the California court be issuing its decision? The reluctance is, you have a right, of course, to split up your causes of action. You've got arbitration here, state court lawsuit and judgment, and a federal court lawsuit. But you can understand the district judge's reluctance. It doesn't necessarily say or suggest that your client is form shopping. You've got a right, as I say, to split up the causes of action into different forms. But the district judge is attempting to defer to potentially final rulings in those areas to prior proceedings in the state court. I am completely sympathetic with the district court judge. He has a heavy docket, a lot of criminal cases. I mean, you're there, you know what it's like. He's got all these civil cases. But that's a policy issue. He has to follow precedent. And he didn't do that. So as much as sympathetic I might be with the district judge, the reality is he does not have the right to deprive Mr. Jacobs of an action to stay the case. And in this Lockyer Ninth Circuit decision, being required to defend a suit without more does not constitute a clear case of hardship or inequity within the meaning of Landis. Judge Taylor talked about in his decision, you know, for the convenience of the court and to serve justice, I'm going to, literally, it was like we were all set for trial. We'd gone through pretrial, discovery, we did everything we could in the federal court case to get ready for trial. He pulled the rug out from under us. And I understand his motivation. But his motivation is not consistent with his obligation under the law and under the doctrines that the Ninth Circuit and the U.S. Supreme Court have embraced in Colorado River, the Landis case, and most recently in the Lockyer case. And I didn't make the law that said a state trial court judgment is not final. And because it's not final, you can't, the district court cannot give it full faith and credit. I think it trumps the whole purpose of the full faith and credit clause of the Constitution to allow a district court to say, okay, it's not, it may not be final, but I'm going to make sure and not do anything in my case until it becomes final. And until the state changes the finality rule or until the full faith and credit clause is changed in a constitutional amendment or to Colorado River or Landis or Lockyer is overturned, I think we have to proceed to rule in this case, not to hold off on your obligations, to rule in this case consistent with the law. And if they make a motion after the ruling and the court's saying, well, now we have full faith and credit and finality, we should deal with that motion at that time and that appeal at that time. I don't think, I don't think we, I don't think anticipating mootness is consistent with the obligations that these, these cases suggest are required of the court. Thank you, counsel. Your time has expired. Thank you. We'll hear from the government. Good morning. May it please the court. Um, this case was tried. Mr. Jacobs had, uh, not a day in court, but he had six weeks in court. Uh, all of the issues were tried to a jury and, uh, in anticipation of what I assumed would be a submission of not only, uh, the so-called whistleblower claim, but also the first amendment claim to the jury. We fully briefed that we urged instructions upon the court. Uh, and at that point, Mr. Jacobs made an affirmative election not to go forward with that theory of recovery. Well, he was carefully carving out that cause of action so he could preserve it for the federal court. Oh, uh, and he did so at great risk, uh, under Migra and Takahashi. It's clear that, uh, I think one of the, uh, courts pointed out that, you know, we're all entitled to one day in court, but few too. Uh, and that's true. Let me ask, you cite the Landis case. If the Landis case dealt with a stay involving two federal courts after Colorado River, do you have any case to cite that applies Landis to parallel proceedings in the federal court and the state court? Well, you know, I don't believe we have cited any cases to that effect. Uh, the closest, of course, you'd come, uh, well, you go way back to 1933 with the Robinson case, but that's a state court case. But in that case, in fact, What case, I mean, what do you rely to say that the state was improper here? Uh, Migra and Takahashi clearly point out that should, uh, the court of appeal in California uphold the judgment of the trial court, then this matter is over. And so it would be raised to Dakota, but it's not yet. I know. So then the proposition is, does the law, uh, is the law seriously contemplating that, that, that we speed, uh, over to the federal courthouse with the second lawsuit. And so long as we can get it tried before the court of appeal renders a decision, uh, that that's somehow, uh, worthy of, uh, uh, that kind of a procedure as opposed to what we clearly all recognize. And I don't hear, uh, Mr. Jacob's dispute that he's had his trial, uh, and that should it be affirmed, that's the end of the matter. Uh, so that taking advantage of the law that he says permits him to do exactly what he's doing, whether it's lawyering, whatever it is, he's permitted under the law. And I'm asking, is there anything under the law, um, that would not permit him to do this? There's nothing under the law that permits him to do it. And there's nothing, there's no case that I'm aware of specifically, uh, that catches the judgments in this timeframe that has ruled on that. Uh, and, and, and, and there's none, of course, authorizing it. And I think a district court confronted with a situation where a litigant only two months before showing up in the district court's doorstep has had an adverse ruling. Comes to that district court saying, now I want a second trial, uh, with a different theory. Uh, any district court is going to say, wait, wait, wait, wait, that doesn't sound. It's understandable why the district court judge did what he did. But the, my only question is, does the law require it? Well, in California, the law would require it, uh, under Robinson. Robinson court reversed the denial of the issuance of a continuance, uh, under these same circumstances. The Robinson court of appeal, uh, 75 years ago said, no, that continuance should have been issued, uh, to allow that judgment to right now. Um, so I, I think what we're confronted with here, uh, is there's no dispute that the issues that Mr. Jacobs wishes to pursue now in the federal forum could have and should have been pursued in the state forum. Thank you, counsel. The case just argued will be submitted for decision and we will just hear argument in United States versus Bonington.
judges: Dw Nelson, O'Scannlain